CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2012 MAY 31 PM 2:41
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RAYMOND CHARLES ETHRIDGE,<br>TDCJ #806759,<br>Petitioner, | ) | |
| v. | ) | Civil No. 7:12-CV-083-O-BL |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, an inmate confined in the Robertson Unit of the Texas Department of Criminal Justice in Abilene, Texas, brings this action pursuant to 28 U.S.C. § 2254. Ethridge challenges the validity of disciplinary action no. 20120169013 which was brought against him at the Allred Unit in Iowa Park, Texas. Petition ¶ 17. Petitioner was found guilty of possessing a deadly weapon. *Id.* The disciplinary case resulted in a reduction in Petitioner's custodial classification, 45 days of recreation and commissary restrictions, and 15 days of solitary confinement. *Id.* at ¶ 18.

Petitioner has failed to state a colorable claim for habeas corpus relief. Ethridge has no constitutionally protected interest in his prison custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Therefore, the reduction in his custodial classification does not warrant due process protections.

With regard to the loss of recreation and commissary privileges, Ethridge is not entitled to habeas relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardships in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Ethridge do not raise such concerns. Similarly, 15 days of solitary confinement is not constitutionally infirm.

Petitioner concedes that he is not eligible for mandatory supervised release and that he did not lose any previously earned good time credits as a result of the disciplinary action. Petition ¶¶ 16 & 18. Therefore, he has no constitutionally protected liberty interest at stake. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary proceeding.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 31st day of May, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE